IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

FILED _____ENTERED
_____LODGED _____RECEIVED

AUG 3 1 2000

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

HQM, Ltd., et. al.,
          **Plaintiffs,**

vs.

**WILLIAM B. HATFIELD,**
          **Defendant.**

Civil Action No.  AW-99-2093

## MEMORANDUM OPINION

Pending before the Court is Defendant's Motion for Attorney's Fees and Costs [25-1]. The motion has been fully briefed. No hearing is deemed necessary. See Local Rule 105.6. For the reasons stated below, the Court will deny Defendant's Motion.

## FINDINGS OF FACT

The Court has carefully reviewed the parties' memoranda, their arguments, and submissions on Defendant's Motion for Attorney's Fees and Costs. The Court must now consider whether this is one of the "exceptional cases" under the trademark laws necessary to make an award of attorney's fees. See 15 U.S.C. § 1117(a) (authorizing award to prevailing parties of reasonable attorneys fees in "exceptional cases").

The Court will note at the outset that this has been a highly contentious litigation over a domain name. The Court was particularly troubled by the Plaintiff's heavy-handed litigation tactics.[1] However, the Court will consider the case as a whole and consider the legal issues

---

[1] Most troubling was the Plaintiffs' attempt to trigger N.S.I.'s dispute resolution policies the day after oral arguments. Their excuse that they only tried to use N.S.I. "when it became apparent that this matter was not going to be amicably resolved" begs the question as to the propriety of their action in the first place. Given no answer had been filed, the Plaintiffs could have executed a voluntary dismissal and attempted an end-run around this Court's jurisdiction. See Fed. R. Civ. Proc. Rule 41(a)(1). That issue, however, was mooted.

raised.[2] Preliminarily, the Court will state that it is certainly sympathetic with Defendant who
was compelled to defend his domain name and expend significant legal fees in connection
herewith. Nevertheless, the Court does not believe that the Defendant has not met his burden of
showing an award of attorney's fees is appropriate in this case. The Court does not believe that
Defendant has met his burden to show this case was "exceptional," and has not shown it was
"groundless, unreasonable, vexatious, or pursued in bad faith." See Stephen W. Boney, Inc. v.
Boney Servs., Inc., 127 F.3d 821, 826-27 (9th Cir. 1997).[3] While the Court agrees that the
Plaintiff did not have a strong case, the Defendant must recognize the difference between not
prevailing and presenting debatable issues in an evolving area of the law. Defendant contends
that the law was "settled" in the Fourth Circuit before the Plaintiffs filed suit. This is an
exaggeration of the state of the law. At the time this civil action was filed, the Fourth Circuit had
no published opinion addressing the application of trademark law to domain names and the
Internet. As the Court noted, the law on domain names and the Internet is rapidly evolving. At
one point, the Defendant himself acknowledges the "novelty and difficulty of this intellectual
property issue" in his affidavit. See Hatfield Dec. ¶ 3 (emphasis added). The Court is hard-
pressed to find the law is settled when the Defendant admits the novelty in litigating the issues.
See Bourne Co. v. Walt Disney Co., 31 U.S.P.Q.2d 1858 (S.D.N.Y. 1994).

This legal uncertainty clearly affected the parties' arguments as well. Most obviously is

---

[2] The Court permitted a Sur-Reply to respond to new issues raised in the Reply. The
Court has limited its review of the Sur-Reply to that within the scope of the Reply, and has
disregarded new proffers.

[3] The Court recognizes that the standard in the Fourth Circuit on "exceptional" may be
uncertain at this time, however this case does not rise to the prior standard or the suggestions set
forth in Fogerty v. Fantasy, 510 U.S. 517 (1994).

the Plaintiffs' reliance on <u>Avery-Dennison v. Sumpton</u>, 999 F. Supp. 1337 (C.D. Ca. 1998). In

<u>Avery-Dennison</u>, the Ninth Circuit sharply reversed the district court's decision in an opinion

which the Court believes strongly supports Defendant's position, and which Plaintiffs concede is

"arguably contrary" to their own.  <u>Avery-Dennison v. Sumpton</u>, 189 F.3d 868 (9th Cir. 1999).[4]

However, the reversal did not occur until over five weeks after Plaintiffs filed suit.  The Fourth

Circuit, in particular, has taken a cautious approach towards some of the more expansive

interpretations of trademark rights.  <u>See</u> <u>Ringling Bros. Barnum & Bailey Combined Shows, Inc.,</u>

<u>v. Utah Division of Travel Development,</u> 170 F.3d 449, 450 (4th Cir. 1999).  However, the

concept of "trademark dilution" is "dauntingly elusive."  <u>See</u> <u>Ringling Bros.</u>, 170 F.3d at 450 (4th

Cir. 1999).  Reasonable minds can disagree about the scope of terms like "dilution" and

"commercial use," especially when those concepts are applied for the first time to the Internet.

The Court further believes that the Defendant has not shown that the Plaintiffs' alleged

intent supports a finding of attorney's fees. While neither party will outright admit it, the Court

believes that this case arose largely as the result of a series of miscommunications between the

parties, and not from any nefarious conduct. If the mere sending of letters gave rise to liability,

trademark owners could manufacture a basis for litigation.  Plaintiffs' now appropriately hedge

their language when referring to the Defendant, stating only that he "appeared to be" a

"suspicious" domain name registrant.  However, miscommunications are not grounds for

charging an award of attorney's fees against the Plaintiffs either.  In summary, the Court does not

---

[4] While counsel for Plaintiff's stated at oral arguments that the ".com" distinction in the
Ninth Circuit's opinion was "dicta," Plaintiffs rely on a similar distinction with the "Pokey.org"
case.  The Court does not place much probative value in the arguably inconsistent positions that
different members of Plaintiffs' law firm took in the "Pokey.org" case, and in this case, given the
size and scope of contemporary law firm practice.

believe that the Defendant has met his burden of showing this case meets the "exceptional"

standard sufficient for an award of attorney's fees. <u>See</u> 15 U.S.C. § 1117(a). Plaintiffs' objective

arguments raised debatable issues that would have required resolution by a court someday. In

short, the Court does not believe Defendant has met his burden.

## CONCLUSION

For the reasons stated above, the Court will deny Defendant's Motion for Attorney's Fees

and Costs. The Court will issue an Order consistent with this Memorandum Opinion.

_8-31-00_
Date

Alexander Williams, Jr.
United States District Judge